# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **SUNBURST MEDIA MANAGEMENT, INC.,** | § |
| Plaintiff, | § |
| vs. | § CIVIL ACTION NO. _____ |
| **CHRISTOPHER F. DEVINE,** | § |
| Defendant. | § |

## COMPLAINT

**TO THE HONORABLE COURT:**

    **SUNBURST MEDIA MANAGEMENT, INC.**, Plaintiff, complains of **CHRISTOPHER F. DEVINE**, Defendant, and alleges the following:

### Parties

    1.    Plaintiff **SUNBURST MEDIA MANAGEMENT, INC.** ("Sunburst") is a Delaware corporation that has its principal place of business in Texas and, therefore, is deemed to be a citizen of Texas.

    2.    Defendant **CHRISTOPHER F. DEVINE** ("Devine") is an individual citizen of Illinois.

### Jurisdiction and Venue

    3.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a), because this is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value $75,000.00, exclusive of interest and costs.

    4.    Venue of this action is proper in this District and Division pursuant to 28 U.S.C. §1391(a)(2), because this is a District and Division in which a substantial part of the events or omissions giving rise to the claims occurred, and because Devine has consented in writing to venue in this District and Division.

## Service of Process

5. Devine is a non-resident of Texas who does business in Texas or otherwise has sufficient contacts with Texas to be subject to personal jurisdiction of courts sitting in Texas, within the meaning of Texas Civil Practice and Remedies Code § 17.041, *et seq.* (the "Texas Long Arm Statute"). Devine is a non-resident who has engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. Moreover, this action arises out of the business done by Devine in Texas, and Devine is a party to this action. Furthermore, Devine has consented in writing to the jurisdiction of this Court. Accordingly, pursuant to the Texas Long Arm Statute, the Texas Secretary of State is an agent of Devine for service of process, and Devine may be served with process in this action by serving the Texas Secretary of State at Capitol Station, Austin, Texas. The name and address of Devine's home office is Christopher F. Devine, 980 North Michigan Avenue, Chicago, Illinois 60611. The Texas Secretary of State will forward the process to Devine at the above address.

## Facts

6. Heretofore, Devine, as Maker, executed and delivered to Sunburst, as Payee, a Promissory Note (so styled) dated January 9, 2007, payable to the order of Sunburst in the amount of $1,750,000.00, bearing interest at the rate of 10% per annum prior to default, and having a Maturity Date of December 31, 2007 (the "January 9 Note"). The January 9 Note also provides that all payments must be made at Sunburst's address in Dallas, Texas; that all principal and interest is due on the Maturity Date; that the failure to pay all or any part of any principal or interest payment required to be made under the January 9 Note within five business days of the due date, among other things, constitutes an Event of Default; that the unpaid principal balance shall bear interest at the rate of 18% per annum after the Maturity Date; and that Devine will pay on demand all costs and expenses incurred by Sunburst in connection with an Event of Default, including all reasonable attorneys fees, costs and expenses incurred by

Sunburst in enforcing any provisions of the January 9 Note or in collecting payments due under the January 9 Note through litigation or other dispute resolution.

7. Heretofore, Devine, as Maker, executed and delivered to Sunburst, as Payee, a Promissory Note (so styled) dated January 11, 2007, payable to the order of Sunburst in the amount of $2,250,000.00, bearing interest at the rate of 10% per annum prior to default, and having a Maturity Date of December 31, 2007 (the "January 11 Note"). The January 11 Note also provides that all payments must be made at Sunburst's address in Dallas, Texas; that all principal and interest is due on the Maturity Date; that the failure to pay all or any part of any principal or interest payment required to be made under the January 11 Note within five business days of the due date, among other things, constitutes an Event of Default; that the unpaid principal balance shall bear interest at the rate of 18% per annum after the Maturity Date; that Devine will pay on demand all costs and expenses incurred by Sunburst in connection with an Event of Default, including all reasonable attorneys fees, costs and expenses incurred by Sunburst in enforcing any provisions of the January 11 Note or in collecting payments due under the January 11 Note through litigation or other dispute resolution; that Sunburst and Devine expressly waive trial by jury in any action brought on or in connection with the January 11 Note; and that this Court has exclusive jurisdiction and venue of any legal proceedings arising out of or relating to the January 11 Note.

8. The January 9 Note and the January 11 Note have matured according to their terms. Devine failed to pay the principal balance and the accrued interest due under the January 9 Note and the January 11 Note on the Maturity Date or at any time thereafter. These failures constituted Events of Default under the January 9 Note and the January 11 Note.

9. The principal balance of the January 9 Note is $1,000,000.00. Interest in the amount of $97,534.25 accrued on the January 9 Note through the Maturity Date. Interest at the rate of $493.15 per day has accrued and continues to accrue on the January 9 Note from and after January 1, 2008. The principal balance of the January 11 Note is $2,250,000.00. Interest

in the amount of $218,219.17 accrued on the January 11 Note through the Maturity Date. Interest at the rate of $1109.89 per day has accrued and continues to accrue on the January 11 Note from and after January 1, 2008.

10. Sunburst has engaged the undersigned attorneys to file and prosecute this action. Sunburst has incurred, and will incur in the future, reasonable attorneys fees, costs and expenses in connection with the prosecution of this action.

### First Claim for Relief

11. Devine is justly indebted to Sunburst in an amount equal to all unpaid principal and interest due under the January 9 Note, as that amount may exist as of the time of trial or other disposition of this action. Sunburst is entitled to recover that amount, together with reasonable attorneys fees, costs and expenses, from Devine.

### Second Claim for Relief

12. Devine is justly indebted to Sunburst in an amount equal to all unpaid principal and interest due under the January 11 Note, as that amount may exist as of the time of trialor other disposition of this action. Sunburst is entitled to recover that amount, together with reasonable attorneys fees, costs and expenses, from Devine.

### Prayer

**WHEREFORE, PREMISES CONSIDERED,** Sunburst prays that Devine be served with summons and required to answer in this action, and that Sunburst recover from Devine the amounts owed under the January 9 Note and the January 11 Note, together with reasonable attorneys fees, costs and expenses, and such other relief as may be appropriate under the circumstances.

Respectfully submitted,

_____
D. Ronald Reneker
State Bar No. 16770000
Sarah A. Cardwell
State Bar No. 24040638

**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Tel:    (214) 855-7500
Fax:    (214) 855-7584

ATTORNEYS FOR PLAINTIFF

%JS 44 (Rev. 12/07)

**ORIGINAL**

# CIVIL COVER SHEET

**3-08CV1170-G**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sunburst Media Management, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Munsch Hardt Kopf & Harr PC, 500 N. Akard Street, 3800 Lincoln Plaza, Dallas, Texas 75201-6659, (214)855-7500

## DEFENDANTS
Christopher F. Devine

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**RECEIVED JUL 10 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☒ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC §1332**
Brief description of cause: Suit on two promissory notes

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ **3,750,000**
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: **07/10/2008**
SIGNATURE OF ATTORNEY OF RECORD: **D. Ronald Reneker**

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.