UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| SUNBURST MEDIA MANAGEMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:08-CV-1170-G |
| CHRISTOPHER F. DEVINE, | ) ) | **ECF** |
| Defendant. | ) ) | |


## MEMORANDUM OPINION AND ORDER


Before the court is the motion of the defendant, Christopher F. Devine

("Devine" or "the defendant"), to vacate the default judgment entered in favor of the

plaintiff, Sunburst Media Management, Inc. ("Sunburst" or "the plaintiff").  For the

reasons discussed below, the motion is granted.

### I.  BACKGROUND

Devine is a member of several companies that purchase rural and small-town

radio stations with the intent to move the radio towers to more populous areas and

increase the value of the station.  Christopher F. Devine's Motion to Vacate Default

Judgment Entered in Favor of Sunburst Media Management, Inc. and Brief in

Support ("Motion to Vacate") at 1.  One such company to which Devine belongs is

Wackenburg Associates, LLC ("Wackenburg").  *Id.* at 1-2.  Wackenburg had

purchased two radio stations in Arizona:  KSWG, and KHOV.  *Id.* at 2.  Sunburst

agreed to purchase these stations for approximately $27,000,000.  *Id.*  As part of this

transaction, Sunburst advanced $3,250,000 of the purchase price to Devine.  *Id.* at 3.

On January 11, 2007, Devine signed a promissory note to Sunburst for $2,250,000.

*Id.* at 4.  Devine claims this is the only promissory note to Sunburst he ever signed.

The sale of KHOV and KSWG never took place.  *Id.* at 4.  On July 10, 2008,

Sunburst filed this suit against Devine.  *Id.* at 4.  Sunburst claims that, pursuant to

the January 11, 2007 promissory note, Devine owes the company $2,250,000.

Complaint ¶ 12.  Further, Sunburst alleges that Devine signed a second promissory

note on January 9, 2007 for $1,750,000.  *Id.* ¶ 11.

On September 10, 2008, the court entered a default judgment in favor of

Sunburst.  The court ordered that Sunburst recover $3,975,475.40 from Devine.

Devine now moves to vacate that default judgment.  In support of his motion, Devine

asserts that his attorney, David Rosenfeld ("Rosenfeld"), and Sunburst's attorney,

Ronald Reneker ("Reneker"), were negotiating an extension of Devine's deadline to

file an answer when Sunburst surreptitiously filed a motion for entry of default

against Devine.  Motion to Vacate at 11-12.  Sunburst, on the other hand, argues

that Rosenfeld and Reneker had agreed to an extension, but that by the time

Sunburst sought the entry of a default, the extended deadline had already passed. Plaintiff's Response to Christoper F. Devine's Motion to Vacate Default Judgment Entered in Favor of Sunburst Media Management, Inc. ("Response") ¶¶ 11-12.

The parties agree on the following facts:  On August 11, 2008, Rosenfeld and Reneker agreed that Devine could file his answer by August 25, 2008.  *Id.* ¶ 11. Devine did not, however, file his answer by August 25, 2008.  *Id.*  Rather, on August 27, 2008, Rosenfeld telephoned Reneker, requesting another extension until September 16, 2008.  *Id.*  Reneker refused to extend the deadline until September 16, 2008, but did agree to a one week extension -- making September 3, 2008 the new answer date.  *Id.*  On August 27, 2008, he sent Rosenfeld an e-mail confirming this one week extension.  *Id.*

The parties do not agree on what happened next.  Reneker believes that the conversation on August 27, 2008 was the last time he and Rosenfeld spoke.  *Id.* ¶ 12. Rosenfeld, however, contends there was a follow-up conversation on August 29, 2008.  Motion to Vacate at 6.  He asserts that during this conversation, Reneker said he would discuss a longer extension with John Borders ("Borders"), a principal at Sunburst, but that Borders would be out of town and unreachable until September 6, 2008.  *Id.*  Rosenfeld believes that Reneker promised to call back as soon as he had spoken with Borders.  *Id.*  Rosenfeld never heard back from Reneker.  *Id.*  On

September 4, 2008, Sunburst filed a request for entry of default. *Id.* On

September 8, 2008, Sunburst filed a motion for default judgment.

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) states, "If the party against whom a

default judgment is sought has appeared personally or by a representative, that party

or its representative must be served with written notice of the application at least 3

days before the hearing." "The Fifth Circuit has held that where a party has appeared

and default judgment was entered against him without notice as required by [Rule

55(b)(2)], the judgment should be set aside under Rule 60(b)(6)."* *Segars v.*

*Hagerman*, 99 F.R.D. 274, 275 (N.D. Miss. 1983) (citing *Turner v. Salvatierra*, 580

F.2d 199, 201 (5th Cir. 1978); *Charlton L. Davis & Company v. Fedder Data Center,*

*Inc.*, 556 F.2d 308, 309 (5th Cir. 1977)). Thus, the court must set aside the default

judgment if Devine can demonstrate that (1) he did not receive the three day notice,

and (2) he had made an "appearance" for purposes of Rule 55(b)(2). FED. R. CIV.

PROC. 55(b)(2).

### B. Devine Appeared in the Action for Purposes of Rule 55(b)(2)

The Fifth Circuit has "taken an expansive view as to what constitutes an

appearance under Rule 55(b)(2)." *Rogers v. Hartford Life and Accident Insurance*

---

* Rule 60(b)(6) allows the court to relieve a party from a final judgment for any "reason that justifies relief."

*Company*, 167 F.3d 933, 936 (5th Cir. 1999).  In order to "trigger Rule 55(b)(2)'s

notice requirements, the defendant's actions merely must give the plaintiff a clear

indication that the defendant intends to pursue a defense and must 'be responsive to

the plaintiff's formal Court action.'"  *Id.* at 937 (quoting *Baez v. S.S. Kresge Company*,

518 F.2d 349, 350 (5th Cir. 1975)).  Phone calls and letters between the plaintiff's

and the defendant's counsel generally constitute an appearance.  *Charlton L. Davis*,

556 F.2d at 309 (finding an appearance was made where the defendant's attorney

called and wrote the plaintiff's attorney); *Hutchins v. 3 Pickwkick, LLC*, 2008 WL

4346688, *4 n.2 (S.D. Tex. Sept. 17, 2008) (holding that an appearance was made

where the defendant made several attempts by phone and letter to contact opposing

counsel in order to request an extension of time).

Here, whether the court accepts Sunburst's or Devine's version of the facts, it

is clear that Rosenfeld and Reneker communicated before the motion for entry of

default was made.  Motion to Vacate at 11-12; Response ¶¶ 11-12.  It is also clear

that during these communications, Rosenfeld stated his intent to file an answer.

Motion to Vacate at 12.  In fact, the entire purpose of the conversations that took

place between Rosenfeld and Reneker was to negotiate an extension of time to file an

answer.  Reneker must have concluded from such conversations that Rosenfeld

intended to pursue a defense.  Thus, under Fifth Circuit law, Devine made an

"appearance" sufficient to trigger the notice requirements of Rule 55(b)(2).

C. Devine Did Not Receive the Required Notice

Having decided that Rule 55(b)(2) required Sunburst to give Devine at least three day's notice before filing a motion for default judgment, the court must now decide whether Sunburst did in fact provide such notice. Sunburst contends that Reneker sent two e-mails to Rosenfeld, both of which put Devine on notice that Sunburst would pursue a default judgment. Response ¶¶ 18-19. The first e-mail was sent by Reneker to Rosenfeld on August 27, 2008. This e-mail informed Rosenfeld that "[t]his will be the final extension." *Id.* ¶ 18. This statement, however, is taken out of context. The e-mail, in its entirety, reads:

> "Mr. Rosenfeld: Today you called and requested a further extension of time to answer the suit until after 9/16. In support of this request, you stated that Devine is expecting to close a deal on 9/16 that would get Sunburst paid. In response, I told you that Sunburst might so agree if Devine would agree to a judgment in the pending suit, without further proceedings. However, I also told you that John Borders is out of town and that I may not be able to reach him to discuss this until next week. However, as a professional courtesy, I agreed that Devine will have until 9/3 (a week from today) to answer the suit, if no other agreement is in place by that time. This will be the final extension. In exchange for this concession from me, you agreed that Devine will not contest personal or subject matter jurisdiction or venue in the Northern District of Texas. Ron Reneker"

E-mail of August 27, 2008, attached as Exhibit A-1 to Response.

This e-mail does not say that Reneker was unwilling to allow any further extensions. Rather, it makes quite clear that Reneker had left the possibility of a

- 6 -

second extension on the table, pending his discussion with John Borders. Further, even if the e-mail were indisputably clear that no further extensions would be agreed to, the e-mail makes no mention of a default judgment. Although Sunburst argues that Reneker's use of the phrase "final extension" should have put Devine "on notice that Sunburst would pursue any of the available consequences of default if Devine did not respond by September 3, 2008," Response ¶ 36, the court is not persuaded. The language of Rule 55(b)(2) requires that any party against whom a default judgment is sought "must be served with written notice *of the application*." FED. R. CIV. PROC. 55(b)(2) (emphasis added). Whatever the August 27, 2008 e-mail may have implied, it does not mention an application for default judgment. The rule requires more than that the parties agree on a deadline for the answer to be filed; it requires the party moving for default judgment to provide notice of the application for default judgment. Thus, the e-mail sent to Rosenfeld on August 27, 2008 did not put Devine on notice that Sunburst was moving for default judgment.

Sunburst also contends that it sent Devine's counsel an e-mail on September 4, 2008, the day it moved for default judgment, informing Devine of its application. Response ¶ 19. This e-mail, however, was sent to the wrong address. Rosenfeld's e-mail address includes his middle initial. Reply at 2; *See also* Exhibits A-1 and A-2 to Response. Reneker sent notice of the filing of the application for default judgment to an e-mail address nearly identical to Rosenfeld's, but without that middle initial.

Exhibit A-2 to Response.  Thus, this attempt to notify Devine of the application for

default judgment was unsuccessful.

Having concluded that Devine was entitled to at least three day's notice of the

application for default judgment under Rule 55(b)(2), and that Devine never received

such notice, the court vacates the default judgment against Devine.

### III.  CONCLUSION

For the reasons discussed above, the defendant's motion to vacate the default

judgment is **GRANTED**.

**SO ORDERED**.

June 24, 2009.

A. JOE FISH
**Senior United States District Judge**