UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNBURST MEDIA MANAGEMENT, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:08-CV-1170-G |
| | ) | |
| CHRISTOPHER F. DEVINE, | ) | **ECF** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Sunburst Media Management,

Inc. ("Sunburst" or "the plaintiff") for summary judgment.  For the reasons discussed

below, the motion is granted.

### I.  BACKGROUND

#### A.  Factual Background

This is an action to recover on two promissory notes.  A previous opinion of

the court, *see* Memorandum Opinion and Order of June 24, 2009 (docket entry 19),

detail the facts of this case; only a summary is provided here.  The defendant

Christopher F. Devine ("Devine") is the managing member of a company called

Wackenberg Associates, LLC ("Wackenberg"), the primary business purpose of which is the purchase and resale of radio stations. *Id.* at 1-2. In January 2007 Sunburst agreed to purchase two radio stations from Wackenburg for approximately $27,000,000. *Id.* at 2. In connection with that transaction, Sunburst advanced $3,250,000 of the purchase price to Devine. *Id.*

The parties dispute the manner in which Sunburst advanced the $3,250,000 to Devine. They agree that on January 11, 2007, Devine "executed and delivered to Sunburst, as Payee, a promissory note" in the amount of $2,250,000 ("the January 11 note"). *See* Defendant's Original Answer ¶ 7; Affidavit of John M. Borders ("Borders Affidavit") ¶ 4, *located in* Appendix in Support of Plaintiff's Motion for Summary Judgment and Brief in Support ("Appendix") at 2-3. Sunburst contends that Devine also signed a second promissory note on January 9, 2007, in the amount of $1,750,000 ("the January 9 note"). *See* Borders Affidavit ¶ 3, *located in* Appendix at 1-2. Devine denies that he executed the January 9 note. *See* Defendant's Original Answer ¶ 6. Sunburst commenced this action in July 2008 to recover the balances it alleges are due on the January 9 note and the January 11 note.

## B.  Procedural Background

Sunburst has moved for summary judgment. Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show that there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).* A

fact is material if the governing substantive law identifies it as having the potential to

affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). An issue as to a material fact is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex*

*rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*'

if it is real and substantial, as opposed to merely formal, pretended, or a sham.")

(emphasis in original). The nonmoving party "must do more than simply show that

there is some metaphysical doubt as to the material facts." *Matsushita Electric*

*Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The

nonmoving party must show that the evidence is sufficient to support the resolution

of a material factual issue in his favor. *Anderson*, 477 U.S. at 249. When ruling on a

motion for summary judgment, the court views the evidence in the light most

favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*,

398 U.S. 144, 158-59 (1970)).

Where, as here, the party moving for summary judgment bears the burden of

proof "because he is the plaintiff . . . , he must establish beyond peradventure *all* of

---

* The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

the essential elements of the claim . . . to warrant judgment in his favor." *Fontenot*,
780 F.2d at 1194 (emphasis in original).  In other words, when a plaintiff moves for
summary judgment on its claims for relief, it must establish that no reasonable trier of
fact could find other than for the plaintiff.  See *Anderson*, 477 U.S. at 248-49.

Devine has not filed a response to Sunburst's motion for summary judgment.
But Devine's failure to respond does not entitle Sunburst to summary judgment
automatically or by default.  See, *e.g.*, *Hibernia National Bank v. Administracion Central
Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary
judgment cannot be granted simply because there is no opposition . . . .").  "The
movant has the burden of establishing the absence of a genuine issue of material fact
and, unless he has done so, the court may not grant the motion, regardless of whether
any response was filed."  *Id.*; see also *Adickes*, 398 U.S. at 160 (holding that "'where
the evidentiary matter in support of the motion does not establish the absence of a
genuine issue, summary judgment must be denied *even if no opposing evidentiary matter
is presented*.'" (quoting Advisory Committee Note on 1963 Amendment to subdivision
(e) of Rule 56) (emphasis in original) (brackets omitted); *John v. State of Louisiana
(Board of Trustees for State Colleges and Universities)*, 757 F.2d 698, 708 (5th Cir. 1985)
(explaining that if the movant fails to discharge its initial burden of showing that
there is no genuine issue as to any material fact, "the nonmovant is under no
obligation to respond").

- 4 -

However, if the moving party does successfully make the required showing, the

nonmoving party cannot survive a motion for summary judgment by merely resting

on the allegations in its pleadings.  *Isquith ex rel. Isquith v. Middle South Utilities, Inc.*,

847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988).  Instead, the

nonmoving party has a duty to designate the evidence in the record that establishes

the existence of a genuine issue of material fact.  *Celotex Corporation v. Catrett*, 477

U.S. 317, 324 (1986).  It is not incumbent upon the court to comb the record in

search of evidence that creates a fact issue.  See *Pita Santos v. Evergreen Alliance Golf

Limited*, 650 F. Supp. 2d 604, 611 n.1 (S.D. Tex. 2009) (collecting cases).  Therefore,

if Sunburst has carried its burden as the moving party, the absence of a response from

Devine will not preclude the entry of summary judgment against him.  *See* FED. R.

CIV. P. 56(e)(2) ("When a motion for summary judgment is properly made and

supported, . . . [i]f the opposing party does not so  respond, summary judgment

should, if appropriate, be entered against that party."); see also, *e.g.*, *Jackson v. Bailey*,

305 Fed. Appx. 246, 249 (5th Cir. 2008) (per curiam) (affirming a grant of summary

judgment against a non-responding party).

## II.   ANALYSIS

Suits to enforce promissory notes are typically well-suited for resolution via

summary judgment.  *Resolution Trust Corporation v. Starkey*, 41 F.3d 1018, 1023 (5th

Cir. 1995) (citing *Federal Deposit Insurance Corporation v. Cardinal Oil Well Servicing

*Company*, 837 F.2d 1369, 1371 (5th Cir. 1988)); see also *Colony Creek, Limited v. Resolution Trust Corporation*, 941 F.2d 1323, 1325 (5th Cir. 1991) ("[B]ecause of the relative simplicity of the issues involved, suits to enforce promissory notes 'are among the most suitable classes of cases for summary judgment.'") (quoting *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir. 1976)).  In this case, both notes provide that "[t]his Note shall be governed and construed in accordance with the internal laws of the State of Texas, without regard to any conflict of laws provisions."  Promissory Note of January 9, 2007, ¶ 7g, *located in* Appendix at 9; Promissory Note of January 11, 2007, ¶ 8g, *located in* Appendix at 12.  Therefore, the court will apply Texas law to determine whether the notes are enforceable.

Texas law provides that a plaintiff seeking summary judgment in an action against the maker of a promissory note "'need not prove all essential elements of a breach of contract, but only must establish [1] the note in question, [2] that [the maker] signed the note, [3] that the [plaintiff is] the legal owner and holder [of the note,] and [4] that a certain balance [is] due and owing on the note.'"  *Starkey*, 41 F.3d at 1023 (quoting *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd)).  "A photocopy of a note, attached to a sworn affidavit declaring that the photocopy is a true and correct copy of the original, is considered valid summary judgment evidence in Texas."  *Id.* (citing *Life Insurance Company v. Gar-dal, Inc.*, 570 S.W.2d 378, 380 (Tex. 1978)).  "If the execution of the promissory

note has not been denied under oath, a prima facie case is made by an affidavit attesting that the movant is the owner and holder of the note, and that there is a balance due on that note." *Id.* (citing *Clark*, 658 S.W.2d at 296).  Once the moving party makes a *prima facie* case, it is entitled to summary judgment unless the nonmoving party can raise a fact issue as to a defense.  *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.32 (5th Cir.) (citing *Hemphill v. Greater Houston Bank*, 537 S.W.2d 124, 125 (Tex. Civ. App.--Houston [14th Dist.] 1976, no writ)), *cert. denied*, 506 U.S. 825 (1992).

In this case, Sunburst has attached a copy of each note to a sworn affidavit from John M. Borders, Sunburst's president.  *See generally* Promissory Notes of January 9 and 11, 2007, *located in* Appendix at 6-13.  Borders swears in his affidavit that the photocopies are true and correct, that Devine executed the notes, that Sunburst is the sole owner and holder of the notes, and that there is a balance due on both notes.  *See* Borders Affidavit ¶¶ 3-4, 6-7, 10-11, *located in* Appendix at 1-4. Therefore, unless the execution of the notes has been denied under oath, Sunburst has made a *prima facie* case that it is entitled to summary judgment on both notes.

The court concludes that Devine has not denied the execution of either note under oath.  Devine admits in his answer that he executed the January 11 note.  *See* Defendant's Original Answer ¶ 7.  As to the January 9 note, Devine's answer to Sunburst's complaint denies that he executed that note, see *id.* ¶ 6, but the

- 7 -

statements in Devine's answer were not made under oath.  *See* FED. R. CIV. P. 11(a)

("Unless a rule or statute specifically states otherwise, a pleading need not be verified

. . . ."); *Smith v. Machorro*, 2008 WL 656500, at \*1 n.2 (N.D. Tex. Mar. 12, 2008)

(Kaplan, M.J.) (noting that only "verified pleadings . . . are made under oath"); see

generally *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) ("Unsworn

pleadings, memoranda or the like are not, of course, competent summary judgment

evidence.") (citation and internal quotation marks omitted).  Therefore, Devine's

answer does not contain a denial *under oath* of the execution of the January 9 note.

Nor is there any other document in the record in which Devine denies under

oath that he executed the January 9 note.  Devine previously submitted a sworn

affidavit in which he states, "I have no recollection of ever signing a promissory note

on January 9, 2007 (or at any other time) for the remaining $1,000,000.00 advance.

After a diligent search, I have not located this note and I do not believe an executed

note exists."  Affidavit of Christopher F. Devine ¶ 7, *located in* Appendix at 24.  See

also *id.* ¶ 13, *located in* Appendix at 26 (stating that the default judgment previously

entered against Devine included sums allegedly due on "the 'so-called' January 9

Note, which as best as I recall, was never executed").  None of these statements

constitutes a denial that Devine executed the January 9 note.  Disclaiming recall of an

event, or professing disbelief of it, is not equivalent to affirmatively denying that the

event took place.  See *Lightfoot v. Weissgarber*, 763 S.W.2d 624, 628 (Tex. App.--San

Antonio 1989, writ denied) (concluding that statements in a sworn affidavit that are made only "based upon my best recollection and belief" are not effectively sworn to on personal knowledge because they "do not positively and unqualifiedly represent the 'facts' disclosed in the affidavits to be true and within the personal knowledge of the affiants") (brackets omitted); see also *Thomas v. Atmos Energy Corporation*, 223 Fed. Appx. 369, 375 (5th Cir. 2007) ("Those facts alleged on . . .'belief' . . . are not sufficient to create a genuine issue of fact.") (citation and internal quotation marks omitted).  If Devine in fact did execute the January 9 note, none of the statements about that note contained in his affidavit would subject him to the penalty of perjury, and "[u]nless authorized by statute, an affidavit is insufficient unless the allegations contained therein are direct and unequivocal and perjury can be assigned upon it," *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).  Therefore, the court concludes that Devine has not denied under oath that he executed the January 9 note.  Sunburst has thus made out a *prima facie* case that it is entitled to enforce both notes.

The court also concludes that Devine has not identified any evidence in the record sufficient to establish a genuine issue of fact as to any of his affirmative defenses, *see generally* Defendant's Original Answer ¶¶ 13-15.  As the defendant, Devine bears the burden of proof on his affirmative defenses.  See *Fontenot*, 780 F.2d at 1194.  When the nonmoving party would bear the burden of proof at trial on a

dispositive issue, the moving party's burden under Rule 56 "may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The party opposing a motion for summary judgment has a duty to "designate 'specific facts showing there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(e)). Here, Sunburst argues that Devine has no evidence in support of each of his affirmative defenses. *See* Plaintiff's Motion for Summary Judgment and Brief in Support at 10-12. Because Devine has not designated any evidence that shows there is a genuine issue of fact as to any of his affirmative defenses, they cannot survive summary judgment. See *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir.) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . . Rule 56 allocates that duty to the opponent of the motion . . . ."), *cert. denied*, 506 U.S. 832 (1992). As a result, Sunburst is entitled to judgment as a matter of law of both of its claims for relief in this action.

### III.  CONCLUSION

For the reasons discussed above, Sunburst's motion for summary judgment is **GRANTED.**

- 10 -

Judgment will be entered in favor of Sunburst.  Within ten days of this date, counsel for Sunburst shall submit a proposed form of judgment in conformity with this memorandum opinion and order.

**SO ORDERED**.

May 17, 2010.

A. JOE FISH
**Senior United States District Judge**